UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES E. JUSTISE, SR.,

    Petitioner,

v.      CAUSE NO.: 3:21-CV-419-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Charles E. Justise, Sr., a prisoner proceeding without a lawyer, filed a habeas corpus petition challenging his 2006 battery conviction in Marion County under cause number 49G02-0509-FB-151284. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

I.    BACKGROUND

In September 2005, Mr. Justise was charged with one count of class B felony aggravated battery and three counts of class C felony battery.[1] Justise v. State, 985 N.E.2d 1153 (Table), 2013 WL 1788258, at *1 (Ind. Ct. App. Apr. 25, 2013). After a jury trial at which he represented himself, he was convicted of two counts of class C felony battery and acquitted of the remaining charges. Id. On July 12, 2006, the trial

---

[1] The court can take judicial notice of public records related to Mr. Justise's conviction. See FED. R. CIV. P. 201.

court sentenced him to consecutive five-year terms on both counts, resulting in a ten-year sentence. *Id.* Stand-by counsel filed a notice of appeal on Mr. Justise's behalf, but he later sought and obtained permission to represent himself on appeal. *Id.* On January 14, 2008, his appeal was dismissed because he did not file a timely appellate brief. *See* State v. Brownie,[2] No. 49G02-0509-PC-151284 (Marion Sup. Ct. filed Sept. 2, 2005), available at

[https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ii1WZXRKMk41a3U0STNoYjNRNUtVU3A1a19sRVpveExWMnkwVEZNNy0yQTgxIn19](https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ii1WZXRKMk41a3U0STNoYjNRNUtVU3A1a19sRVpveExWMnkwVEZNNy0yQTgxIn19) (last visited June 23, 2021). *Id.* Mr. Justise didn't seek review in the Indiana Supreme Court or the U.S. Supreme Court. (ECF 1 at 1.)

On June 11, 2011, he filed a state petition for post-conviction relief. Justise v. State, 2013 WL 1788258, at *1. He appealed the petition's denial. In an opinion issued on April 25, 2013, the Indiana Court of Appeals observed that "[p]ost-conviction proceedings are not 'super appeals' through which convicted persons can raise issues they failed to raise at trial or on direct appeal." *Id.* The court concluded that all of Mr. Justise's claims related to free-standing trial and sentencing errors; because these claims were available at the time of his direct appeal, they were "foreclosed" on post-conviction review. *Id.* That Mr. Justise's direct appeal had been dismissed on procedural grounds did "nothing to alter this conclusion." *Id.* at *2. The court of

---

[2] The Mr. Justise was arrested under the name "Charles Brownie," but at his initial hearing he stated his "true name to be Charles E. Justise." The state amended the information to reflect this, and Charles E. Justise was the name under which he was tried and convicted. *See* Brownie v, State, No. 49G02-0509-PC-151284 (docket entry dated Sept. 21, 2005).

appeals affirmed the denial of post-conviction relief. *Id.* There is no indication from public records that Mr. Justise petitioned for review in the Indiana Supreme Court or the U.S. Supreme Court.

On May 6, 2021, Mr. Justise sought permission from the Indiana Court of Appeals to pursue a successive petition for post-conviction relief. Justise v. State of Indiana, No. 21A-SP-00819 (Ind. Ct. App. filed May 6, 2021), available at *https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IjlnRkFIbHdBSGJ5UmQwYndrbjBXOVpLNFdfeURvdnhWS205dFppNWlmT2sxIn19* (last visited June 23, 2021). The Indiana Court of Appeals issued an order on May 25 declining to authorize the filing of a successive petition, concluding that Mr. Justise "failed to establish a reasonable possibility that [he] is entitled to post-conviction relief." *Id.*

Mr. Justise tendered his federal petition for filing on June 11. (ECF 1 at 5.) Giving the petition liberal construction, he raises several claims of alleged errors by the trial judge, the Hon. Robert Altice. Specifically, he claims (1) the judge "denied another person's fast and speedy trial request in order to convict Justise"; (2) the judge was biased against him, leading him to impose an "inappropriate sentence"; (3) the judge's bias led him to "deny Justise from calling a witness"; (4) the judge allowed the prosecution to "violate Brady," by forcing Mr. Justise to go to trial "before any of his subpoenas were answered"; (5) the judge denied his *Batson* challenge, even though the reason the prosecution provided for striking certain members of the jury pool "was a clear lie"; and (6) a "fundamental error and a miscarriage of justice"

occurred when the judge "kept sending the jury back to deliberate," causing one juror to vote to convict because she wanted to leave. (ECF 1 at 3-7.)

II. ANALYSIS

A state prisoner seeking federal habeas relief must show that he is "in custody" pursuant to the state court judgment he challenges. *See* 28 U.S.C. § 2254(a); Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). A habeas petitioner can't be "in custody" pursuant to a state sentence that has been fully executed. Lakawanna County D.A. v. Coss, 532 U.S. at 401; Maleng v. Cook, 490 U.S. 488, 490–491 (1989). It's apparent from the petition, and confirmed by public records, that Mr. Justise was sentenced to 10 years for the battery conviction in 2006. It is now 2021—15 years later—and he has provided no basis to conclude that the 10-year sentence is anything other than executed.[3] Because Mr. Justise is no longer "in custody" pursuant to the battery conviction, he can't challenge it in a federal habeas petition.

A. Timeliness of the Petition

---

[3] Mr. Justise is currently serving a 51-year sentence for an unrelated child molestation conviction. He is separately pursuing habeas relief for that conviction. Justise v. Warden, 3:21-CV-368-JD-MGG (N.D. Ind. filed May 17, 2021). That he is in custody pursuant to another conviction does not mean he can challenge the battery conviction, for which the sentence has been completed. *See* Maleng v. Cook, 490 U.S. at 490–491 ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.").

Even if he could overcome this threshold procedural problem, his petition would not be timely. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Justise was sentenced in July 2006, and his direct appeal was dismissed in January 2008 because he didn't file a timely brief. His conviction became final for purposes of AEDPA when the time for seeking further review expired 45 days later. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (for habeas petitioners who don't complete all levels of state review, the judgment becomes final when the time for

seeking such review expires); IND. APP. R. 57(B)(4), (C) (providing that petition to transfer must be filed within 45 days of an adverse decision by the Indiana Court of Appeals, including an order dismissing an appeal). So the one-year federal clock began running in early March 2008, giving Mr. Justise until March 2009 to file a timely federal petition. He didn't file his federal petition by that deadline.

The federal deadline had already expired by the time he filed a state post-conviction petition in June 2011,. The Indiana Court of Appeals' decision in April 2013 affirming the denial of post-conviction relief didn't restart the clock or open a new "window" for federal habeas review. De Jesus v. Acevedo, 567 F.3d 941, 942-43 (7th Cir. 2009). Another eight years elapsed on the federal clock between the date of the Indiana Court of Appeals' opinion affirming the denial of post-conviction relief (April 2013) and the date Mr. Justise filed his federal petition (June 2021). Although he sought leave to pursue a successive post-conviction petition in the interim, this filing didn't toll the limitations period under 28 U.S.C. § 2244(d)(2). *See* Martinez v. Jones, 556 F.3d 637, 638 (7th Cir. 2009). Even if the court were to exclude the roughly 20 days his request was pending before the Indiana Court of Appeals, the petition would still be untimely by more than a decade.

Mr. Justise doesn't identify any state-created impediment that prevented him from filing his federal petition on time, nor is any such impediment apparent from the record. *See* 28 U.S.C. § 2244(d)(1)(B). He doesn't expressly argue that his claims are based on newly discovered facts or a new Supreme Court case made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C)-(D). He references learning

6

at some point that Judge Altice had denied another defendant's speedy trial request, allegedly so that he could proceed with Mr. Justise's trial, but he doesn't say when he learned this information for the court to determine that it is truly "newly discovered," or that he acted diligently once he learned it. Regardless, this information doesn't actually underly any of his claims. He mentions it in connection with claim one, but the supporting facts he provides show that the crux of his claim is that the judge "forced [him] to go to trial unprepared." (ECF 1 at 3.) A violation of someone else's speedy trial rights wouldn't entitle Mr. Justise to federal habeas relief. All of his claims are based on errors committed by the judge at trial and sentencing, and the facts underlying these claims would have been available to him for several years.

When asked to explain why the petition is timely under the provisions of AEDPA, Mr. Justise states as follows: "It was denied on 5/24/21, and it has been less than one month since the denial." (ECF 1 at 7.) Presumably he is referring to the Indiana Court of Appeals' order denying his recent request to file a successive post-conviction petition, but as was already explained, the federal deadline had expired long before he filed this request. The denial of his request didn't open a new "window" to seek federal review. De Jesus v. Acevedo, 567 F.3d 942-943. Mr. Justise doesn't specifically request equitable tolling in his petition (he doesn't recognize that his petition is untimely), and the court can't see any grounds for tolling. That Mr. Justise has no formal legal training or might have been unaware of the federal deadline does not provide grounds for tolling. Davis v. Humphreys, 747 F.3d 497, 500 (7th Cir. 2014)

7

("[P]risoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling."). The petition is therefore untimely.

B. Procedural Default

If Mr. Justise could overcome these barriers, the claims in his petition are procedurally defaulted. A court must ensure that the petitioner has exhausted all available remedies in state court before considering the merits of claim contained in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); Hoglund v. Neal, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. Davila v. Davis, 137 S. Ct. 2058, 2064 (2017); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. Baldwin v. Reese, 541 U.S. 27, 30-31 (2004); O'Sullivan v. Boerckel, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. O'Sullivan v. Boerckel, 526 U.S. at 848. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and the opportunity to do so has now passed. Davila v. Davis, 137 S. Ct. at 2064; Coleman v. Thompson, 501 U.S. 722, 735 (1991).

Mr. Justise's direct appeal was dismissed on procedural grounds; the Indiana Court of Appeals didn't decide any claim on the merits. Mr. Justise didn't seek review

in the Indiana Supreme Court. He lost on post-conviction review because the Indiana Court of Appeals concluded that state law "foreclosed" his claims of free-standing trial and sentencing error. Justise v. State, 2013 WL 1788258, at *2; *see also* Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007) (under Indiana law, free-standing claims of trial error available at the time of direct appeal must be raised in that proceeding and cannot be raised on post-conviction review). "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules . . . that decision rests on independent and adequate state law grounds." Kaczmarek v. Rednour, 627 F.3d 586, 591 (7th Cir. 2010); *see also* Bobo v. Kolb, 969 F.2d 391, 399 (7th Cir. 1992) ("A federal court reviewing a habeas petition is required to respect a state court's finding, under state law, of waiver or procedural default.").

Although Mr. Justise states in the petition that he included his claims in his recent request to pursue a successive post-conviction petition, the Indiana Court of Appeals declined to authorize the petition, concluding that he didn't satisfy the state law requirements for pursuing such relief. *See* Justise v. State of Indiana, No. 21A-SP-00819. The state court's determination that Mr. Justise didn't satisfy the standard for pursuing a successive post-conviction petition under state law constitutes a state procedural ground that precludes federal habeas review. *See* Thomas v. Williams, 822 F.3d 378, 384–385 (7th Cir. 2016. The claims in the petition are therefore procedurally defaulted. Mr. Justise doesn't recognize his default or provide any grounds for excusing it. The petition must be dismissed under Rule 4.

9

C.     Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained already, Mr. Justise doesn't satisfy the threshold "in custody" requirement contained in 28 U.S.C. § 2254(a). Furthermore, his petition is untimely and his claims procedurally defaulted. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Justise to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

III.     CONCLUSION

For these reasons, the petition (ECF 1) is DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases. The petitioner is DENIED a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED on June 23, 2021

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT